GEORGE SPARHAWK & wife *vs.* PETER B. BAGG.

The mortgagor of land, of which the mortgagee is in possession for the purpose of fore-
closure, cannot maintain an action of tort against a stranger for using it as a way.

A reversioner cannot maintain an action of tort for a trespass on land, which does not in-
jure the reversionary interest.

A mortgagor, whose mortgage contains general covenants of warranty, does not, by buy-
ing the title of the purchaser at a sale of the land for taxes assessed, before the execu-
tion of the mortgage, under the Rev. Sts. *c.* 7, § 7, and *St.* 1849, *c.* 213, acquire the right
to sue a stranger for a trespass afterwards committed, while the mortgagee is in posses-
sion for the purpose of foreclosure.

A quitclaim deed of land, bounding it by the land of A., conveys all the grantor's title up
to the true boundary of A.'s land, and is not void as to land belonging to the grantor, but
held adversely by A. at the time of the conveyance, in consequence of an erroneous
location of the division fence.

Where the owners of adjoining tracts of land have conveyed them, agreeing that a strip
between them, half on each, shall be used as a way, and reserving the right so to use
it, a person having the title of one of them to part of the land, either by inheritance, or
by deed bounding on the way, describing it as a street, cannot maintain an action of
tort for using the strip as a way against one to whom one of such owners grants an-
other part of the land with like boundaries, or with a right of way over the street so
far as the grantor can legally grant it.

ACTION OF TORT for entering with horses and carts upon a
close bounded southerly on land formerly of Edward Tucker-
man, westerly on Tremont Street, northerly by land of the
Boston and Worcester Railroad Corporation, and easterly by
land of Paschal P. Pope. The defendant, in his answer, put in
issue the plaintiffs' title, and justified under a right of way in
the Boston and Worcester Railroad Corporation.

At the trial in the superior court of Suffolk at September
term 1857, before *Abbott,* J., it appeared that the female plain-
tiff was one of the heirs of Johnson Jackson, who died in
1825; that before his death Jackson and Tuckerman, owning
respectively adjoining tracts of land extending from Tremont
Street to Washington Street, made conveyances thereof, each
giving by agreement twelve feet to make a passage-way twenty
four feet wide, and reserving a right of way therein; that this
strip was afterwards called Orange Place or Orange Street,
and was the place alleged to be trespassed upon; that the
female plaintiff and William Cornell had the title to lands on

this place under various deeds, all describing the lands granted as bounded by Orange Place or Orange Street; and that the acts complained of consisted in the defendant, as the servant of the Boston and Worcester Railroad Corporation, driving carts over it. There was no evidence of any special damage done to the soil, or any injury to the female plaintiff's reversionary interest therein. The other facts necessary to the understanding of the case are stated in the opinion. The verdict was for the defendant, and the plaintiffs alleged exceptions.

*G. Sparhawk*, for the plaintiffs.

*G. S. Hale*, for the defendant.

CHAPMAN, J. The questions presented by this case are whether the several rulings of the judge of the superior court, as stated in the bill of exceptions, are correct.

The first relates to a portion of the *locus*, which is described in the mortgage of the plaintiff George Sparhawk to Lydia Noyes, made on the 14th of March 1857. Before any of the acts complained of were done by the defendant, the mortgagee had entered to foreclose, and she has ever since remained in possession. Sparhawk held the property in right of his wife, and mortgaged his estate. The alleged trespasses consisted of the use of the *locus* as a way by drawing loads of gravel over it with teams. The ruling that the plaintiff had no title to that portion of the premises, sufficient to maintain this action, was correct. If the acts of the defendant were tortious, the mortgagee was the party entitled to the action, and not these plaintiffs, there being no injury done to the reversionary interest.

The next exception is to the ruling that the plaintiffs cannot maintain this action by virtue of the title derived from a deed of Charles Wills to Mrs. Sparhawk made in August 1854. The title of Wills was derived from a deed of James C. Dunn, collector of taxes for the city of Boston, made on the 23d of August 1851. It was a sale of the *locus* for taxes assessed by the city against the plaintiff George Sparhawk in 1849 and 1850; and there was no evidence of actual possession under this tax title. But if there were no other objection to this title, the interest which George Sparhawk acquired under it, which was a tenancy for

life in right of his wife, would pass to his mortgagee by way of estoppel, the mortgage containing covenants of warranty. Therefore, if any injury was done by the defendant, it was done to the mortgagee, and not to him or his wife.

The next exception relates to the effect of the deed of Mrs. Sparhawk to Walter Cornell, made December 9th 1833, prior to her marriage. He was tenant in common with her of the lot conveyed. The land is bounded " south by Tuckerman's land." But at that time there was a strip of the land some sixteen feet wide in Tuckerman's possession. He and Johnson Jackson were before that time adjoining proprietors, and had established a line between them, which they supposed to be correct, but which proved to be too far north; and Tuckerman had enclosed this land up to that line within his lot by a fence. The plaintiffs contend that as this narrow strip was in the adverse possession of Tuckerman when Mrs. Sparhawk's deed was made to Cornell, the conveyance was merely void as to that part. As to the construction of the deed; if it had bounded Cornell's lot " by Tuckerman's fence," it would be construed to convey nothing south of the fence; but as it bounded the lot " by Tuckerman's land," it must be construed to extend to his true line. The cases of *Cornell* v. *Jackson*, 9 Met. 150, and *Cleaveland* v. *Flagg*, 4 Cush. 76, are conclusive on this point. And by the authority of the latter case, the deed to Cornell was not void as to that land, but he would have been entitled to an action in the name of his grantor to recover it; or if he could get possession of it without an action, peaceably, he would hold it by virtue of his deed. It appears that it has long been open to the public as a way, and the Boston and Worcester Railroad Corporation, the grantees of Cornell, have been able to use it without interruption. The strict doctrines that anciently pre· vailed in regard to the conveyance of land while it is held adversely to the grantor have been greatly modified of late. The reasons on which they were established have ceased to exist; and the doctrine stated in the cases cited is reasonable and just. And though the deed of Mrs. Sparhawk to Cornell is a quitclaim, so that she might not be estopped from acquiring a better

title afterwards, yet in this case she has acquired no better title than that which she had when she made this deed. All that she claims now is the same title which she had then, simply relieved from a disseisin. Independently of this consideration, however, the title of Cornell and his grantees is good, and the ruling must be sustained.

The next exception relates to the right of way over Orange Street, easterly of the Cornell lot. The various deeds referred to are bounded by it, by the name of Orange Place. It was used as a way, and this name was given to it as a mere name of designation to distinguish it from other ways and streets in the city. The deed of Cornell to the Boston and Worcester Railroad Corporation conveys " a right of way over Orange Street, so far as I can legally grant it." The way is appurtenant to the several lots bounding upon it, by the fair construction of the several conveyances referred to. The Boston and Worcester Railroad Corporation had a right to use it, and as the defendant used it by their authority this action cannot be maintained. *Exceptions overruled.*